UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11- 23170-Civ-COOKE/TURNOFF

YULIANA RUIZ, as Personal
Representative of the Estate of
GREGORY NAVARRO, deceased,

    Plaintiff

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

THIS MATTER is before me on Plaintiff's Motion for Remand (ECF No. 6). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided below, the Plaintiff's Motion is granted.

### I. BACKGROUND

Defendant Carnival Corporation ("Carnival") employed Mr. Gregory Nicholas Navarro Gonzales, a seaman from Peru, for ten years before he committed suicide while aboard a Carnival vessel. On February 12, 2010, Mr. Navarro's personal representative, Ms. Yuliana Ruiz ("Plaintiff"), instituted an action in the Circuit Court for the Eleventh Judicial Circuit of the State of Florida, Miami-Dade County, alleging Jones Act negligence and unseaworthiness under the general maritime law. On March 15, 2010, Carnival removed the action to this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 201, *et seq.*, because Mr. Navarro's employment contract contained an arbitration provision that required Mr. Navarro to arbitrate his claims. This Court remanded the case to state court, relying on *Thomas v. Carnival Cruise*

*Lines*, 573 F.3d 1113 (11th Cir. 2009) for the proposition that an arbitration clause that requires the application of foreign law is void as a matter of public policy.  *See Ruiz v. Carnival Corp.*, 754 F. Supp. 2d 1328, 1331 (S.D. Fla. 2010).  Following remand, the Eleventh Circuit issued its opinion in *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1278 (11th Cir. 2011), rejecting such a public policy defense at the arbitration-enforcement stage.

Carnival contends that this decision provides a basis for a second removal to this Court. Plaintiff moves to remand the case to state court.

## II. Legal Standards

In a removal action, the party asserting federal jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008).  In addition, "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III. Analysis

If a case is not initially removable, a notice of removal "may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).  As a general rule, a defendant has a right to seek subsequent removals after remand if the statutory criteria are met.  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (citing *Browning v. Navarro*, 743 F.2d 1069, 1079-80 (5th Cir. 1984)).  However, once an action is remanded to state court, a defendant is

precluded from seeking a second removal upon the same grounds as the first removal. *See St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 216-17 (1883); *S.W.S. Erectors, Inc.*, 72 F.3d at 492; *Watson v. Carnival Corp.*, 436 F. App'x 954, 955 (11th Cir. 2011). "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *Watson*, 436 F. App'x at 956 (quoting *S.W.S. Erectors, Inc.*, 72 F.3d at 492). Thus, "a defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal.* " *Id*. (internal quotation marks omitted) (quoting *S.W.S. Erectors, Inc.*, 72 F.3d at 492)

Carnival contends that the Eleventh Circuit's subsequent decision in *Lindo* is an "order or other paper" that provides different grounds for removal to this Court. Generally, an "order or other paper" that may provide a basis for removal is limited to documents within the specific proceeding. *See, e.g.*, *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994) (finding that the term "other paper" refers to papers within the specific state proceeding); *Sclafani v. Ins. Co. of N. Am.*, 671 F. Supp. 364, 365 (D. Md. 1987) (concluding that the "order or other papers" provision relates only to papers filed in the action itself). A subsequent court decision in an unrelated case does not normally constitute a basis for removal. *See, e.g.*, *McCormick v. Excel Corp.*, 413 F. Supp. 2d 967, 970 (E.D. Wis. 2006) (analyzing statutory language and legislative history); *Kocaj v. Chrysler Corp.,* 794 F. Supp. 234, 236 (E.D. Mich. 1992) (holding a circuit court of appeals decision was not "other paper"); *Avco Corp. v. Local 1010 of Int'l Union*, 287 F. Supp. 132, 133 (D. Conn. 1968) (holding that § 1446(b) "does not include, as an 'order or other paper,' a subsequent court decision, in a wholly unrelated case").

3

At least two circuits have recognized a limited exception where a subsequent decision in an unrelated case may provide the basis for a second removal if it involves the same defendants and a similar factual situation. *See Green v. R.J. Reynolds Tobacco Co.,* 274 F.3d 263, 268 (5th Cir. 2001); *Doe v. Am. Red Cross*, 14 F.3d 196, 202-03 (3rd Cir. 1993). Importantly, the Third Circuit noted in *Doe* that a judicial decision in a separate case is "sufficiently related" to permit removal if the decision "came from a court superior in the same judicial hierarchy, was directed at a particular defendant and expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues." 14 F.3d at 203.

*Lindo* cannot provide a basis for a second removal in this case because it does not constitute an "order or other paper" in this proceeding. This case also fails to fall within the limited exception where an unrelated decision may provide grounds for a second removal. *Lindo* was not directed at Carnival, and it does not authorize Carnival to remove the present action. Under these circumstances, Carnival is not permitted to remove this case for a second time.[1]

Finally, Plaintiff requests that sanctions be imposed against Carnival. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts may award attorneys' fees and costs incurred as a result of removal "only where the removing party lacked an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cnty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to

---

[1] The present case is further distinguishable from *Doe* because *Lindo* did not set forth a new and definite statement of the law. In *Doe*, the Third Circuit found that the Supreme Court had intervened with a new and definite statement on the law, which explicitly provided different grounds for removal under 28 U.S.C. § 1446(b). Because *Lindo* was a panel decision, it does not overrule *Thomas* and create a new and definite statement of the law. *See United States v. Hogan*, 986 F.2d 1364 (11th Cir. 1993).

deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). While it is a close question in this case, given the lack of clear, binding Eleventh Circuit precedent on this specific issue, I find that Carnival had a reasonable basis for seeking removal. An award of attorneys' fees and costs is therefore improper.

### IV. CONCLUSION

For the reasons provided, it is **ORDERED and ADJUDGED** that Plaintiff Yuliana Ruiz's Motion for Remand (ECF No. 6) is **GRANTED**. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** as moot.

**DONE and ORDERED** in chambers at Miami, Florida, this 24th day of February 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*